UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLEEN D. MARLETTE-COLSON,

       Plaintiff,                      CIVIL ACTION NO. 04-74163

      v.                               DISTRICT JUDGE AVERN COHN

MICHAEL J. ASTRUE,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security case comes before the court on plaintiff's motion to remand and defendant's motion for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

On January 17, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits due to arthritis, back pain, compressed vertebrae and a curvature of the spine, with a disability onset date of July 15, 1998.[1] (Tr. 76-79, 98-100) Plaintiff was insured for Title II benefits only through June 30, 2002. Plaintiff completed high school, and has a work history

---

[1] Plaintiff later amended her alleged disability onset date to December 19, 2001 (her 55th birthday). (Tr. 66-69)

-1-

including employment as a insurance clerk, cashier, receptionist, doctor's assistant, mail clerk, sales attendant, and assembly worker. (Tr. 14, 100-101, 105, 110-116)

The Social Security Administration (SSA) denied plaintiff's claims on initial review. (Tr. 53-58) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 59) The hearing was held on February 24, 2004, before ALJ Thomas Walters. (Tr. 24-52) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On March 26, 2004, the ALJ issued a decision denying plaintiff's claim. (Tr. 10-19) The ALJ determined that the medical evidence established that plaintiff had the following impairments: "degenerative disc disease of the lumbar spine and degenerative joint disease of the knees." (Tr. 18) The ALJ found those impairments to be severe, but it also found that plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 of the Social Security Regulations. (Tr. 18) In addition, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform work at the sedentary exertional level on and before her date last insured, June 30, 2002, and that plaintiff's past relevant work as a insurance clerk or an receptionist did not require performance of work-related activities precluded by her RFC. (Tr. 18) Accordingly, the ALJ found that plaintiff could perform her past relevant work and that she was not "disabled" within the meaning of the Social Security Act. (Tr. 18) Plaintiff was 57 years-old at the time of the ALJ's decision. (Tr. 14)

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 8-9) The Appeals Council denied the request on August 23, 2004. (Tr. 4-6) The ALJ's decision thus became the final decision of the Commissioner.

On November 1, 2004, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, plaintiff has filed a motion to remand and defendant has filed a motion for summary judgment. Plaintiff claims that this case should be remanded because the ALJ erred in assessing plaintiff's severe impairments and in articulating the basis for his decision. Plaintiff also argues that her case should be remanded because there is new evidence regarding plaintiff's mental impairment that needs to be considered. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

## III. Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

> cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that she is disabled. <u>Foster v. Halter</u>, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. <u>See</u> 20 C.F.R. § 404.1520. As discussed in <u>Foster</u>, <u>Id</u>. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of

such decision by a civil action commenced within sixty days after
the mailing to him of notice of such decision or within such further
time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

## IV. Analysis

### A. Severe Impairments

To qualify for disability insurance benefits, the plaintiff must not only establish that she is disabled, but also that she was insured within the meaning of the Social Security Act and became disabled while enjoying insured status. See 42 U.S.C. §§ 416(I), 423(d)(1)(A); Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988). In this case, plaintiff argues that her case needs to be remanded because the ALJ erred by finding that, as of the date she was last insured, her severe impairments did not include diabetes or any mental impairments. To conclude that the claimant has a "severe impairment," the ALJ must find that an impairment or combination of impairments

significantly limits the claimant's ability to do basic work activity[2] (without considering the claimant's age, education, or work experience). See 20 C.F.R. § 416.920©; see also 20 C.F.R. § 416.921.

In general, an "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [claimant's] statement of symptoms." 20 C.F.R. § 416.908. The ALJ must resolve conflicts in the evidence. See 20 C.F.R. §§ 416.927, 416.929; Perales, 402 U.S. at 399; Casey v. Secretary of Health & Human Services, 987 F.2d 1230, 1234-35 (6th Cir.1993). The ALJ need not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. See 20 C.F.R. § 416.929; Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.1997).

In Higgs v. Bowen, this court declared that "an impairment can be considered 'not severe' only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). The Higgs court observed that "this lenient interpretation of the severity requirement in part represents the

---

[2]"Basic work activity" means "the abilities and aptitudes necessary to do most jobs. Examples of these include- (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 416.921(b).

courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." Higgs, 880 F.2d at 862. However, the court also recognized that "Congress has approved the threshold dismissal of claims obviously lacking medical merit" Higgs, 880 F.2d at 862, and "the severity requirement may still be employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." Higgs, 880 F.2d at 863.

**1. Diabetes**

In this case, the ALJ determined that plaintiff did not have a severe impairment of diabetes on the June 30, 2002 date plaintiff was last insured. Specifically the ALJ found that:

> The claimant has alleged she suffers from diabetes, a medical condition in which the undersigned does not find to be severe through June 30, 2002. As of that date the claimant was not taking medications or dieting for her diabetes (Exhibit 4F). The claimant did not show diabetes as a condition that limited her ability to work on the Disability Report Form (Exhibit 2E). [Tr. 15]

In her brief, plaintiff argues that the ALJ did not have a substantial basis in finding that she did not have a severe impairment of diabetes on or before June 30, 2002. Plaintiff argues that, because she was diagnosed with diabetes a mere ten weeks after her insurance expired, it is likely that she was symptomatic prior to the expiration of her insurance. Plaintiff also notes that she testified at her hearing that she was suffering from symptoms of diabetes prior to her diagnosis.

Plaintiff's arguments are, however, unpersuasive. The ALJ did have a substantial basis in rejecting diabetes as a severe impairment. While plaintiff was diagnosed with Type II

diabetes on October 14, 2002 (Tr. 161-162), "[t]he mere diagnosis of [an ailment], of course, says nothing about the severity of the condition." Higgs, 880 F.2d at 863. When doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment. See, e.g., Higgs, 880 F.2d at 863; Maloney v. Apfel, 211 F.3d 1269 (table), No. 99-3081, 2000 WL 420700, *2, (6th Cir. 2000) (per curiam) (finding substantial evidence to support denial when record indicated claimant showed symptoms and was diagnosed with disorder but did not contain evidence of a disabling impairment that would prevent work); and Foster v. Secretary of Health & Human Svcs., 899 F.2d 1221 (table). No. 88-1644, 1990 WL 41835, *2 (6th Cir. 1990) (per curiam) (finding substantial evidence to support denial when the claimant produced no evidence regarding the frequency, intensity, and duration of arthritic pain; the record indicated that he was no more than slightly or minimally impaired).

  The record in this case does not contain a single statement by a treating physician indicating that plaintiff's diabetes results in any specific work-impairing limitations. When making the initial diagnosis, Dr. Bremmeler did not make any findings or state any opinions to the effect that plaintiff's diabetes impacted her ability to work. (Tr. 161-162) Nor did Dr. Bremmeler mention any limitations at plaintiff's second visit. (Tr. 163-164) On August 8, 2003, Thomas Donnelly, D.C., wrote a letter to plaintiff's attorney in which Donnelly expressed concern about the differential diagnosis of diabetic radiculopathy, but Donnelly's letter also contains no mention of limitations caused by the diabetes. (Tr. 160)

The only support plaintiff offers is her testimony at the hearing, where she stated that she knows that she was suffering from diabetes for a period of time prior to the diagnosis and that she has had symptoms of diabetes since the 1980s. (Tr. 39, 41) However, like the diagnosis itself, plaintiff's testimony provides no support for the argument that she was severely impaired by diabetes as plaintiff merely testified as to the existence of diabetes, and not its effect, if any. Moreover, the ALJ found that plaintiff was not fully credible (Tr. 16) and plaintiff does not challenge that finding in her brief. Additionally, as noted by the ALJ, plaintiff did not list diabetes, or any symptoms of diabetes, among the impairments limiting her ability to work when she filed her claim. (Tr. 99)

This record accordingly contains substantial evidence to support the ALJ's finding of no severe impairment of diabetes. Plaintiff was only diagnosed with diabetes after her insured status had expired and, even if she did have diabetes prior to that expiration, there is no evidence suggesting that it was a severe impairment affecting her ability to do basic work activities.

**2. Mental Impairments**

In this case, the ALJ also determined that plaintiff did not have any severe mental impairments on the date plaintiff was last insured. Specifically the ALJ found that:

> The claimant alleges anxiety, depression and post traumatic stress syndrome as impairments. The claimant never mentioned those impairments when she first filed in February 2002. The first evidence of the claimant alleging these impairments was on January 13, 2003. The claimant went to Community Mental Health for Central Michigan and reported ongoing symptoms of post traumatic stress syndrome disorder and chronic anxiety. An appointment was scheduled for two weeks later but claimant cancelled it (Exhibit 7F). The evidence for these impairments is

>after the date last insured of June 30, 2002 and therefore not
>material to this decision. The undersigned concludes that these are
>not severe impairments on or before the claimant's date last
>insured. [Tr. 16]

Plaintiff's sole argument in this section of her motion is that the ALJ's rationale for finding that plaintiff did not have severe impairments of anxiety, depression, and post-traumatic stress syndrome is incorrect and this case should be remanded because the ALJ erred in concluding that all the evidence for the three mental impairments arose after the date last insured. As a preliminary matter, it should be noted that plaintiff's argument fails to distinguish between the three mental impairments she alleges she has. This court will address it in turn.

With regard to plaintiff's alleged post traumatic stress disorder, plaintiff agrees that her visit on January 13, 2003 occurred after her insurance had expired, but she also seems to argue that there was evidence of the impairment prior to her insurance expiring. In doing so, plaintiff twice cites to a daily activities report and seemingly argues that the report shows that she was suffering from post traumatic stress disorder prior to the expiration of her insured status. This, standing alone, is insufficient to raise an issue.

With regard to plaintiff's alleged depression, while plaintiff asserts in her motion that she was receiving medication for depression when she first filed her claim, she did not indicate that when she filed her claim. (Tr. 102-105) A later report merely indicates that plaintiff started taking medication for depression in 2003 (after her insured status expired). (Tr. 133)

With regard to plaintiff's alleged anxiety, plaintiff's initial filing indicates that she was taking medication for "nerves" (Tr. 102, 105) and a second report confirms that she has been on

such medication since February 4, 2002 (Tr. 133). Plaintiff cites to no other evidence supporting the argument that plaintiff's severe impairments included anxiety or that such anxiety prevented her from working.

As discussed above, plaintiff's sole argument in this section of her motion is that the ALJ's rationale for finding that plaintiff did not have severe impairments of anxiety, depression, and post-traumatic stress syndrome is incorrect. However, plaintiff has failed to demonstrate that the ALJ's rationale was incorrect with regard to post traumatic stress disorder or depression. With regard to anxiety, there was some evidence for that potential impairment within the period of time plaintiff was insured based on the record that plaintiff was on medication for her "nerves." However, given the absence of any other evidence in the record suggesting that plaintiff's anxiety was a severe impairment affecting her ability to do basic work activities, any such error is harmless and the ALJ had a substantial basis for concluding that plaintiff had no severe mental impairment.

### **B. ALJ's Articulation of Plaintiff's Past Relevant Work**

Plaintiff also briefly argues that her case should be remanded because the ALJ failed to explain his findings of fact as to the physical and mental demands of plaintiff's past relevant work, as well as his findings of fact as to whether plaintiff's RFC would permit a return to her past relevant work. After determining the plaintiff's residual functional capacity, the ALJ must compare it to the requirements of the plaintiff's past relevant work. 20 C.F.R. § 404.1560(a). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §

404.1560(b)(1). If the plaintiff can perform her past relevant work, then she is not disabled. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. § 404.1520(f).

Plaintiff's argument that the ALJ failed to adequately articulate her past relevant work determination ignores the portions of the ALJ's decision referencing the VE's testimony at the hearing regarding plaintiff's past relevant work. In response to hypothetical questions, the VE discussed plaintiff's current ability to do such work. (Tr. 17, 47-51) It was not error for the ALJ to accept that testimony. The ALJ adequately articulated his determination regarding plaintiff's past relevant work and her current ability to do such work.

### C. Sentence Six Remand

Plaintiff also argues that her case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) in light of new evidence regarding her mental impairments. Sentence six of section 405(g) states, in relevant part:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

Pursuant to sentence six, the district court can remand this case for further administrative proceedings in light of new evidence if plaintiff shows that the evidence is new and material, and

that there was good cause for not presenting it in the prior proceeding. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). When the district court issues such a remand order, it "does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991); see also Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 173-75 (6th Cir.1994).

"It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." Oliver v. Secretary of Health & Human Serv., 804 F.2d 964, 966 (6th Cir.1986); Willis v. Secretary of Health & Human Serv., 727 F.2d 551, 554 (6th Cir.1984) (per curiam). To meet that burden plaintiff must show that the evidence is new and material, and that plaintiff's has good cause for failing to acquire and present it before.

The new evidence plaintiff relies upon is a September 20, 2006 decision by the Social Security Administration's Office of Disability Adjudication and Review awarding her SSI benefits and finding her disabled as of March 27, 2004.[3] In that decision, ALJ Thomas L. English found that plaintiff's severe impairments included post traumatic stress disorder and adjustment disorder with depressed mood. (Ex. A, p. 3) ALJ English noted that plaintiff was attacked "several years ago" and has had recurrent recollections, intrusive thoughts, and nightmares about the attack. (Ex. A, p. 4) ALJ English also discussed a July 2004 examination

---

[3]The decision is attached as Exhibit A to plaintiff's motion to remand.

of plaintiff by a consultative psychologist. (Ex. A, p. 4) According to ALJ English, the psychologist described plaintiff as unkempt, which indicated that plaintiff no longer wishes to take care of herself as meticulously as before the attack. (Ex. A, p. 4) The psychologist also stated that plaintiff had a flat effect and monotone voice when responding to questions and plaintiff reported making efforts to avoid thoughts associated with the attack and places associated with the trauma. (Ex. A, p. 4) Plaintiff also reported a diminished interest in activities, feelings of detachment, a restricted range of affect, some difficulty sleeping and concentrating, and hypervigilance. (Ex. A, p. 4) Plaintiff further reported being severely stressed and anxious since learning her husband was terminally ill. (Ex. A, p. 4) Ultimately, the consultative psychologist diagnosed plaintiff with post traumatic stress disorder, adjustment disorder with depressed mood, and a global functioning of 45. (Ex. A, p. 4)

The only issue in this case is whether the new evidence is material. In order for the plaintiff to satisfy the burden of proof as to materiality, she must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir.1980); see also Ward v. Schweiker, 686 F.2d 762, 764-65 (9th Cir.1982); Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir.1981). Notably, the new evidence that plaintiff provides contains no information regarding the relevant period. However, "[m]edical evidence of a condition recognized after an insured period may establish the existence of the same condition during an earlier insured period if the temporal relation is reasonably proximate and supported by corroborative evidence arising during the insured period." DeVoll v.

Commissioner of Social Security, 234 F.3d 1267 (table), 2000 WL 1529803, *4 (6th Cir. 2000), citing Begley v. Mathews, 544 F.2d 1345, 1354 (6th Cir. 1976).

The new evidence provided by plaintiff, ALJ English's decision, fails to establish the existence of post traumatic stress disorder or depression during the earlier insured period because its temporal relation is not reasonably proximate to the insured period. Plaintiff provides a subsequent award of benefits that found plaintiff to be disabled as of March 27, 2004, which was almost two years after plaintiff's insurance lapsed on June 30, 2002. Moreover, ALJ English's decision appears to rely solely on an exam done in July 2004, which was over two years after plaintiff's insurance lapsed. Given that lapse of time, the new evidence's temporal relationship to the insured period is not reasonably proximate and, consequently, the new evidence fails establish the existence of the same conditions during an earlier insured period.

Moreover, even if the new evidence's temporal relationship was reasonably proximate, it is not supported by any corroborative evidence arising during the insured period. As discussed above, there is no objective evidence or medical evidence in the record supporting the argument that plaintiff had post traumatic stress disorder or depression during her insured period. At most, plaintiff provided evidence that she had complained of such impairments at times, but she failed to seek treatment for any mental impairments. Additionally, plaintiff was deemed not fully credible by ALJ Walters and she does not challenge that determination in her motion to remand. With regard to the insured period, the evidence in the record is merely plaintiff's unsupported and rejected subjective complaints and those complaints fail to corroborate plaintiff's new evidence.

Given that plaintiff's new evidence cannot establish the existence of the same conditions during the earlier insured period, it is clearly not material and there is no basis for a remand pursuant to sentence six of 42 U.S.C. § 405(g) in this case.

**V.  Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion to remand be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                    s/Virginia M. Morgan  
                                    Virginia M. Morgan  
                                    United States Magistrate Judge

Dated: November 21, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 21, 2007.

                                    s/Jane Johnson  
                                    Case Manager to  
                                    Magistrate Judge Virginia M. Morgan