UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLEEN D. MARLETTE-COLSON,

    Plaintiff,

                                                                       Case No. 04-74163

-vs-                                                                  Judge Avern Cohn

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## MEMORANDUM AND ORDER
### ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

This is a Social Security case. Plaintiff Kayleen D. Marlette-Colson ("Marlette-Colson") appeals from the final decision of the Commission of Social Security ("Commissioner") denying her application for Social Security Disability Insurance benefits for the closed period of June 30, 2002 to March 27, 2004. An Administrative Law Judge ("ALJ") conducted a hearing and found that Marlette-Colson was not "disabled" within the meaning of the Social Security Act and applicable regulations and that she was therefore not entitled to benefits for the period.

Marlette-Colson instituted this action for judicial review under 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who heard Marlette-Colson's motion to

1

remand pursuant to § 405(g) and the Commissioner's motion for summary judgment. The magistrate judge issued a Report and Recommendation ("MJRR") recommending that Marlette-Colson's motion be denied, the Commissioner's motion granted, and the ALJ's decision affirmed. Marlette-Colson filed objections to the MJRR. For the reasons that follow, the Court adopts the MJRR.

## II.  Facts

### A.  Background

The MJRR accurately sets forth the facts, many of which are repeated here.

Marlette-Colson was born on December 19, 1946. She completed high school and has a work history including employment as an insurance clerk, cashier, receptionist, doctor's assistant, mail clerk, sales attendant, and assembly worker.

In January 2002, Marlette-Colson applied for disability insurance benefits with the Social Security Administration ("SSA") due to arthritis, back pain, compressed vertebrae and curvature of the spine. Her insured status for purposes of receiving disability insurance benefits lapsed on June 30, 2002. On initial review, the SSA denied her claim. An ALJ held a hearing and issued a decision denying the claim. The SSA's Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner.

Marlette-Colson subsequently filed an application for supplemental security income with the SSA. The claim was denied initially, but an ALJ later held that Marlette-Colson was disabled as of March 27, 2004, the day after the first ALJ issued his decision on the claim presently before the Court. The second ALJ found that as a result

of several severe impairments (degenerative joint disease of the knees, osteoporosis, degenerative disc disease of the lumbar spine, post traumatic stress disorder, and adjustment disorder with depressed mood), Marlette-Colson was unable to perform any of her past relevant work. She was therefore entitled to supplemental security income.

### 1. Lay Testimony

Marlette-Colson's husband, Glen Colson, indicated in a questionnaire that Marlette-Colson was able to drive, cook, clean the house, shop, watch their grandchildren for short intervals, handle the finances, make light repairs around the house, and take care of her own personal hygiene.

With respect to her arthritis and back problems, Marlette-Colson testified that she has experienced pain in her back and legs since June 2002. She said that as a result she was unable to tie her shoes or use bathtub without assistance. Marlette-Colson also testified that she finds it necessary to rest after doing about fifteen minutes of housework and that she elevates her legs for about four hours per day.

The ALJ judged that Marlette-Colson's testimony was not fully credible. With respect to her testimony that she elevated her legs four hours per day, the ALJ pointed out that Marlette-Colson never mentioned this during a medical examination; her husband also failed to make any mention of it. In addition, Marlette-Colson testified that her leg and back problems made it impossible for her to make beds, but her husband said that she was able to do so.

The ALJ also noted that Marlette-Colson did not mention anxiety, depression, or post traumatic stress disorder on her original filing for disability benefits. The first

3

mention of any such problem came when Marlette-Colson visitied a mental health clinic in January 2003. The clinic schedule a follow-up appointment, but Marlette-Colson cancelled it and apparently never rescheduled.

### 2. Expert Testimony

#### a. Medical Expert

Dr. Ralph Lazzara, M.D., an internist, examined Marlette-Colson on June 26, 2002, four days before her disability insurance lapsed. Her chief complaints at that time were "back pain, knees, and hands." Dr. Lazzara diagnosed Marlette-Colson with degenerative arthropathy. He noted that she walked normally without the use of an assistive device. She had moderate difficulty with heel and toe walking, squatting, and getting on and off the examination table, and was not able to hop due to pain. Marlette-Colson's grip remained intact and she was able to pick up coins, button a shirt, and open a door. Dr. Lazzara made a note that Marlette-Colson's mother died of diabetes, but did not diagnose her with this condition.

#### b. Vocational Expert

Vocational Expert Heather Benton ("Benton") reviewed Marlette-Colson's file and witnessed her testimony at the hearing. Benton classified Marlette-Colson's past work experience as a cashier, sales attendant, assembly worker, and mail clerk as unskilled; her past positions as a general clerk, doctor's assistant and receptionist were deemed semi-skilled. Benton concluded the receptionist and clerk positions demanded a sedentary level of exertion, and Marlette-Colson's other past positions a light level. The ALJ and Benton engaged in the following exchange at the hearing:

4

> Q [ALJ] I'm going to ask you to assume a person of the same age, education, and vocational experience as the claimant [Marlette-Colson], who would have a residual functional capacity for a range of sedentary work with a sit/stand option, no prolonged walking, no, only occasional climbing, no repetitive bending, twisting and turning. Assuming these criterion [sic], would such a person be able to perform any of the past relevant work, in your opinion?
>
> A [Benton] Such an individual, I believe, could do the general clerk as actually performed and the receptionist job both actual and typical.

## B. The First ALJ's Decision

The ALJ determined that while Marlette-Colson had some severe impairments (degenerative disc disease of the lumbar spine and degenerative joint disease of the knees), these impairments did not meet the threshold for presumptive disability listed in Appendix 1, Subpart P, Regulation No. 4 of the Social Security Regulations. Further, the ALJ held that Marlette-Colson retained the residual functional capacity ("RFC") to perform work at the sedentary exertional level on and before her last date insured (June 30, 2002) and that her past relevant work did not require performance of work-related activities precluded by her RFC. Accordingly, Marlette-Colson was deemed not to be "disabled" within the meaning of the Social Security Act and not entitled to disability benefits.

## III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court

may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971). As such, substantial evidence is more than a scintilla but less than a preponderance. Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. Discussion

Marlette-Colson argues that the first ALJ's decision is not supported by substantial evidence with respect to two findings: (1) the finding that diabetes was not a severe impairment when Marlette-Colson's insurance expired on June 30, 2002; and (2) the finding that Marlette-Colson's mental conditions were not a severe impairment when her insurance expired on June 30, 2002. Marlette-Colson also argues that the case should be remanded in light of new, material evidence, and that the ALJ failed properly to articulate Marlette-Colson's past relevant work experience.

### A. Severe Impairments

The ALJ's determinations that diabetes and the various mental conditions from which Marlette-Colson claims to suffer did not amount to severe impairments as of June 30, 2002 are supported by substantial evidence.

### 1. Diabetes

In his decision, the ALJ concluded that diabetes did not amount to a severe impairment for Marlette-Colson as of June 30, 2002. Marlette-Colson was first diagnosed with Type diabetes on October 14, 2002, more than three months after the critical date. Moreover, neither the diagnosis nor any other medical evidence in the record tends to indicate that Marlette-Colson's diabetes ever amounted to a *severe* impairment. "[T]he mere diagnosis of [an ailment], of course, says nothing about the severity of the condition." Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). When doctors' reports contain no information regarding physical limitations or the intensity, frequency, or duration of pain associated with a condition, courts have regularly held that there is substantial evidence to support an ALJ's finding that a claimant was not severely impaired. Id. See also Maloney v. Apfel, 211 F.3d 1269 (table), No. 99-3081, 2000 WL 420700, *2, (6th Cir. 2000) (per curiam) (finding substantial evidence to support denial of claim when record indicated claimant showed some symptoms of multiple sclerosis during insured status, but did not contain evidence of a disabling impairment that would prevent work); Foster v. Sec'y of HHS., 899 F.2d 1221 (table), No. 88-1644, 1990 WL 41835, *2 (6th Cir. 1990) (per curiam) (finding substantial evidence to support denial of claim when the claimant produced no evidence regarding the frequency, intensity, and duration of arthritic pain).

Marlette-Colson objects to the MJRR because there is some evidence from July 1, 2002, the day after her insurance lapsed, suggesting that she suffered from uncontrolled diabetes. She says that because of her condition, she may "not have the

stamina to perform the rigors of semi-skilled work as found by the ALJ, i.e. insurance clerk and general office clerk." Accordingly, she argues that the ALJ's findings as to her residual functional capacity do not accurately portray her physical impairments.

However, the MJRR accurately notes that the record is devoid of any statements by a treating physician indicating that plaintiff's diabetes ever resulted in any specific work-impairing limitations. Marlette-Colson's only support for diabetes-related impairment is her own testimony, which merely indicates that she suffered from symptoms of diabetes since the 1980s. Even Marlette-Colson's testimony does not address any work-impairing limitations that these symptoms may have caused. Furthermore, the ALJ determined that Marlette-Colson's testimony was not fully credible as to the severity of at least some of the impairments from which she suffered. The ALJ's credibility determinations may not be called into question at this stage of review. Brainard, 889 F.2d at 681.

In sum, the MJRR correctly concluded that the record contains substantial evidence to support the ALJ's finding that Marlette-Colson was not severely impaired by diabetes during the relevant time period. Marlette-Colson was not diagnosed with diabetes until months after her insured status had expired. Although there is some indication that she may have been suffering from diabetes at the time her insurance lapsed, there is no record evidence that tends to suggest that it was a severe impairment affecting her ability to do basic work activities.

## 2. Mental Impairments

The ALJ also determined that Marlette-Colson lacked any severe mental impairments on the date her insurance lapsed. Marlette-Colson claims that she suffered at that time from anxiety, depression and post-traumatic stress disorder, but has not demonstrated that the ALJ's findings lack substantial support from record evidence. Notably, Marlette-Colson did not list these conditions in her initial application for disability insurance benefits; the first indication that she may have been suffering from any such condition came in January 2003, six months after her insurance expired, when she visited a mental health clinic and reported symptoms of post traumatic stress disorder and chronic anxiety.

Specifically, Marlette-Colson objects to the MJRR because the record indicates that she was prescribed psychotropic medication prior to the expiration of her insurance. She says the fact that just because she was not actually diagnosed with post raumatic stress disorder, depression, or anxiety disorder until after her insurance lapsed should not disqualify her claim. Again, while Marlette-Colson can point to some evidence tending to suggest that she suffered from one or more mental impairments, the record contains no evidence as to their severity during the relevant time period. The Court thus cannot say that the ALJ's finding that these impairments were not severe lacks substantial evidentiary support. See Higgs, 880 F.2d at 863.

## B. New Evidence

The Magistrate Judge's recommended denial of Marlette-Colson's motion to remand for further fact-finding pursuant to 42 U.S.C. § 405(g) was appropriate because

no material new evidence has been presented.  The new evidence to which Marlette-Colson points is the second ALJ's decision finding her disabled as of March 27, 2004, due to degenerative joint disease of the knees, osteoporosis, degenerative disc disease of the lumbar spine, post traumatic stress disorder, and adjustment disorder with depressed mood.   Marlette-Colson bears the burden of demonstrating that remand for this reason is appropriate.  Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).  New evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."  Sizemore v. Sec'y of HHD, 865 F.2d 709, 711 (6th Cir. 1988).

The new evidence is not material because it is not reasonably proximate in time to the relevant period.  The second ALJ found that Marlette-Colson was disabled as of March 27, 2004, nearly two years after her insurance lapsed.  While evidence of a condition subsequent to the lapse of insurance may be used to establish the existence of that condition prior to the lapse, the probity of this evidence diminishes with time.  See Higgs, 880 F.2d at 863.  In this case, the probity of the second ALJ's decision is further diminished by the fact that it relied largely on an examination of Marlette-Colson taken in July 2004, over two years after the lapse of her insurance.  The record is devoid of corroborative evidence of post traumatic stress disorder or depression arising during the insured period beyond Marlette-Colson's own subjective complaints.  Moreover, the record indicates that Marlette-Colson did not seek treatment for these alleged impairments during the insured period.  The ALJ also found that Marlette-

Colson was not fully credible.  For all these reasons, the new evidence is not material and remand for further fact-finding is inappropriate.

### C.  Articulation of Past Relevant Work

Finally, Marlette-Colson argues that the ALJ failed adequately to articulate the findings of fact underlying her RFC in his opinion.  This argument ignores the detailed questions that the ALJ posed to Benton at the hearing.

### V.  Conclusion

The findings and conclusions of the magistrate judge are adopted by the Court as supplemented by the above discussion.  The ALJ's decision accurately states the applicable legal standards and is supported by substantial evidence.  For the reasons stated in the MJRR and above, Marlette-Colson's motion to remand is DENIED, and the Commissioner's motion for summary judgment is GRANTED.  The case is DISMISSED.

SO ORDERED.

                                           s/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

Dated:  February 15, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 15, 2008, by electronic and/or ordinary mail.

                                           s/Julie Owens
                                           Case Manager, (313) 234-5160